Edward **SANCHEZ**, Jr., Petitioner–
Appellant,

v.

Ralph M. **DIAZ**, Warden; Yarborough;
Attorney General for the State of Cal-
ifornia, Respondents–Appellees.

No. 11–17636.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2014.*

Filed May 15, 2014.

Paul R. Irish, Attorney At Law, Sacra-
mento, CA, for Petitioner–Appellant.

Carlos Antonio Martinez, Office of the
California Attorney General, Sacramento,
CA, for Respondents–Appellees.

Before: GRABER, W. FLETCHER,
and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Edward San-
chez, Jr., appeals from the district court's
judgment dismissing his 28 U.S.C. § 2254
habeas petition. We have jurisdiction un-
der 28 U.S.C. § 2253, and we affirm.

The issues certified for appeal were (1)
whether the jury committed misconduct
during deliberations by speculating that
Sanchez would be "out in five years" if he
were found not guilty by reason of insani-
ty; (2) whether a juror committed miscon-
duct by preparing a homemade chart and
bringing it into the jury room for delibera-
tions; (3) whether trial counsel acted inef-
fectively when he waived Sanchez's jury
misconduct claims by failing to argue oral-
ly the claims at the motion for a new trial;
and (4) whether trial counsel was ineffec-
tive for failing to object or request an
admonishment when the prosecutor, in vio-
lation of an in limine ruling, elicited testi-
mony that the State's experts were ap-
pointed by the court.

We share the district court's discomfort
with this case. However, we cannot say
that the California state courts' adjudica-
tion of Sanchez's claims was "objectively
unreasonable" or contrary to clearly estab-
lished Supreme Court precedent. *See
Lockyer v. Andrade,* 538 U.S. 63, 75, 123
S.Ct. 1166, 155 L.Ed.2d 144 (2003).

Even if trial counsel's failure to argue
the jury misconduct claims fell below an
objective standard of reasonableness, *see
Strickland v. Washington,* 466 U.S. 668,
688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36–3.

testimony adduced at trial reasonably supports a conclusion that any jury misconduct did not affect the verdict. Similarly, even if trial counsel's decision to refrain from requesting an admonition was unreasonable, Sanchez has not shown a reasonable probability that the verdict would have been different had the jury been admonished. *See id.* at 694, 104 S.Ct. 2052.

Sanchez does not challenge the California state courts' conclusion that his jury misconduct claims are procedurally defaulted. However, he argues that the ineffective assistance of his trial counsel establishes "cause" to excuse the procedural default. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Because his trial counsel's assistance was not constitutionally ineffective, Sanchez cannot establish cause to excuse his procedural default.

We have considered Sanchez's assertion that failure to grant the requested habeas relief will result in a fundamental miscarriage of justice, and are not persuaded. *See Wood v. Ryan,* 693 F.3d 1104, 1117–18 (9th Cir.2012) (citing *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)), *cert. denied,* ── U.S. ──, 134 S.Ct. 239, 187 L.Ed.2d 177 (2013).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.